**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

KELVIN BROWN,            )
                        )
        Petitioner,       )
                        )
v.                      )      No.      3:21-CV-066-CEA-DCP
                        )
STATE OF TENNESSEE,      )
                        )
        Respondent.      )

## <u>MEMORANDUM OPINION</u>

This is a prisoner's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 9, 2021, the Court entered an order providing that Petitioner would have until April 20, 2021 to pay the $5.00 filing fee or submit the documents necessary to proceed *in forma pauperis* and to file a properly completed form § 2254 petition [Doc. 4 p. 1–3]. The Court also warned Petitioner that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 3]. The deadline of April 20, 2021 has passed, and Petitioner has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, it appears that Petitioner received the order and chose not to comply. As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent, as Respondent has not yet been served. As to the third factor, the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 4 p. 3]. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Petitioner has not communicated with the Court since filing his habeas petition. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's *pro se* status prevented him from complying with the Court's instructions, and Plaintiff's *pro se* status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED without prejudice** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be entirely frivolous. Fed. R. App. P. 24.

**SO ORDERED.**

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**